UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN E. MINER, | No. 1:16-cv-01283-DAD-JLT |
| Plaintiff, | |
| v. | ORDER SUA SPONTE REMANDING MATTER TO THE KERN COUNTY SUPERIOR COURT |
| JP MORGAN CHASE BANK N.A., | |
| Defendant. | (Doc. No. 1) |

This is an unlawful detainer action brought under California state law by defendant JP Morgan Chase Bank N.A. ("Chase") against plaintiff Carolyn E. Miner. On July 5, 2016, defendant removed this case from the Kern County Superior Court to this federal court. (Doc. No. 1.)[1] Plaintiff Miner asserts that removal is proper under 28 U.S.C. § 1332 because "the amount in controversy exceeds $75,000," and under 28 U.S.C. § 1441(a) because this is "a civil action on a claim or right arising under the laws of the United States." (*Id.* at 3.)

I.   Legal Standard

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell*

---

[1] In a separately filed request, defendant Chase notes that on June 27, 2016, the Kern County Superior Court entered a final judgment in favor of Chase, after conducting a trial on April 21, 2016. (Doc. No. 4 at 2, Ex. B.)

& *Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997). *See also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

II.     Federal Question Jurisdiction

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). *See also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in

anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  *See also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, plaintiff Miner has not shown that removal of this action to this federal court is appropriate.  The complaint filed by plaintiff is a straightforward unlawful detainer action that is based entirely on state law.  Because there is no federal question appearing in Chase's complaint in the underlying action, plaintiff Miner has failed to properly invoke this court's jurisdiction.

III.    Diversity Jurisdiction

Federal courts may exercise "diversity jurisdiction" when the parties are in complete diversity, i.e. that citizenship of each plaintiff is different from that of each defendant, and the amount in controversy exceeds $75,000.  *See Hunter*, 582 F.3d at 1043; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332(a).  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2002).  Where it is "not facially evident from the complaint that more than $75,000 is in controversy," defendants in the state action are required to prove, "by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Here, plaintiff Miner fails to affirmatively allege both the citizenship of the parties and whether the amount-in-controversy requirement has been met.  Plaintiff's notice of removal does not allege citizenship as to any party, nor does it allege that the parties are in complete diversity.  Moreover, in the absence of a specified amount in controversy in the state court complaint,

/////

3

plaintiff fails to prove that the amount-in-controversy threshold is met.[2]  Remand to the Kern County Superior Court is therefore appropriate and mandatory.  28 U.S.C. § 1447(c); *Geographic Expeditions*, 599 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1. This action is remanded forthwith to the Kern County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
2. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  **September 1, 2016**  
UNITED STATES DISTRICT JUDGE

---

[2] In her notice of removal, plaintiff references a separate state court case where by she allegedly sought to quiet title.  (Doc. No. 1 at 4 (referencing case no. BCV-16100809).)  However, that case cannot form the basis of federal subject matter jurisdiction here.